CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 3 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAHEED OMAR, | ) |
|     Plaintiff, | ) Civil Action No. 7:06CV00256 |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By:   Honorable Glen E. Conrad |
| | )       United States District Judge |
|     Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(I) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Shaheed Omar, was born on February 13, 1950, and eventually completed his college education. Mr. Omar has also earned a master's degree in criminal justice. He has worked in a variety of capacities, primarily as an adjunct professor, debt collector, counselor, housekeeper, production line worker, construction laborer, and program coordinator. Mr. Omar last worked on a regular and sustained basis in 2004. On September 29, 2004, plaintiff filed applications for disability

insurance benefits and supplemental security income benefits. In filing his applications, Mr. Omar alleged that he became disabled for all forms of substantial gainful employment on September 24, 2004, due to osteoporosis. Plaintiff now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Omar met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 414 and 423.

Mr. Omar's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 29, 2005, the Law Judge also determined that Mr. Omar is not disabled. The Law Judge found that plaintiff suffers from osteoporosis and osteoarthritis. Despite these impairments, the Law Judge held that plaintiff retains sufficient functional capacity to return to his past work roles as a consultant, adjunct professor, counselor, and housekeeper. Accordingly, the Law Judge ultimately concluded that Mr. Omar is not disabled, and that he is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Omar has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the

claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The objective medical evidence record confirms that plaintiff suffers from osteoporosis/osteopenia. He also carries a diagnosis of osteoarthritis. Roentgenographic studies have verified a loss of height in vertebral bodies and slight lumbar lordosis. On the other hand, plaintiff's disc spaces are said to be well preserved. Mr. Omar also has an old hip fracture that has resulted in some deformity of the pelvis. However, despite such impairments, the medical record does not indicate that plaintiff is so affected by his physical problems so as to prevent his performance of lighter work activities. A state disability agency physician has opined that plaintiff's impairments do not prevent performance of light work activity. There is no medical evidence that suggests to the contrary. Indeed, in the court's opinion, the clinical findings in this case strongly support the Law Judge's determination that Mr. Omar experiences no more than moderate physical impairment. The court believes that the record fully supports the Law Judge's conclusion that plaintiff retains sufficient functional capacity to return to several of his prior work roles. It follows that the Commissioner's final decision must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Omar is free of all pain, discomfort, weakness, and fatigue. In his testimony, Mr. Omar indicated that he lacks physical stamina, and that he must rest or lie down with such frequency as to prevent performance of regular work activities. The court agrees that plaintiff suffers from definite physical problems. On the other hand, no doctor has reported such clinical findings as would suggest disability for lighter work activities. As previously noted, the only physician who has offered an opinion as to plaintiff's work capacity concluded that Mr. Omar could be expected to engage in light work activities. Although

3

plaintiff has suffered from some loss of bone mass, there is reason to believe that this process could be arrested and, perhaps, reversed. In any event, the objective medical findings simply do not support claims of disabling physical symptomatology. It must be recognized that the inability to do work without any subjecting discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 13th day of November, 2006.

*Glen Conrad*

United States District Judge